1   MICHAEL J. BETTINGER (SBN 122196)         IAN N. FEINBERG (SBN 88324)
    mike.bettinger@klgates.com                ifeinberg@feinday.com
2   HOWARD CHEN (SBN 257393)                  M. ELIZABETH DAY (SBN 177125)
    howard.chen@klgates.com                   eday@feinday.com
3   HAROLD H. DAVIS, JR. (SBN 235552)         DAVID ALBERTI (SBN 220625)
    harold.davis@klgates.com                  dalberti@feinday.com
4   K&L GATES LLP                             SAL LIM (SBN 211836)
    Four Embarcadero Center, Suite 1200       slim@feinday.com
5   San Francisco, California  94111          YAKOV ZOLOTOREV (SBN 224260)
    Telephone: (415)882-8200                  yzolotorev@feinday.com
6   Facsimile: (415)882-8220                  MARC BELLOLI (SBN 244290)
                                              mbelloli@feinday.com
7   Attorneys for Defendants                  FEINBERG DAY ALBERTI & THOMPSON LLP
    HYNIX SEMICONDUCTOR AMERICA, INC.,        401 Florence Street, Suite 200
8   HYNIX SEMICONDUCTOR, INC.                 Palo Alto, California 94301
                                              Telephone: 650.618.4360
9                                             Facsimile: 650.618.4368

10                                            Attorneys for Plaintiff
                                              TALON RESEARCH, LLC
11

12                  UNITED STATES DISTRICT COURT

13                NORTHERN DISTRICT OF CALIFORNIA

14                      SAN JOSE DIVISION

15  TALON RESEARCH, LLC,                      Case No. 5:11-cv-05058 EJD

16              Plaintiff,                    **STIPULATED PROTECTIVE ORDER**

17       vs.                                  Complaint Filed: October 14, 2011

18  HYNIX SEMICONDUCTOR AMERICA INC.;         **(MODIFIED BY THE COURT)**
    HYNIX SEMICONDUCTOR, INC.,
19
                Defendants.
20

21

22

23

24

25

26

27

28

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. This Stipulated Protective Order does not alter or expand the preservation obligations of any Party.   The Parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 and General Order 62 set forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

This Stipulated Protective Order may be altered or amended by written agreement of the Parties.  Agreement reached via email will be considered written agreement.

2. **DEFINITIONS**

2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Stipulated Protective Order.

2.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).   This designation includes, but is not limited to, information that the Designating Party:  (a) would not normally reveal to third parties except in confidence; (b) has undertaken with others to maintain in confidence; or (c) believes in good faith is confidential or protected by any right to privacy guaranteed by the laws of the United States or California or any other applicable privilege or right related to confidentiality or privacy.  This designation does not include information that was publicly known prior to disclosure, or that, after disclosure, becomes publicly known as a result of publication by one having right to do so.

2.3     Counsel (without qualifier):  Outside Counsel of Record (as well as their support staff) and House Counsel.

2.4     Designated House Counsel:  House Counsel who seeks access to "CONFIDENTIAL" information in this matter.

2.5     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – ESI FOR INSPECTION".

2.6     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     ESI: non-email electronically stored information that are to be provided by inspection (hereinafter "ESI for Inspection"). These classes of ESI for Inspection are as follows: schematics, i.e., circuit level schematics; simulations; source code; process flows; and, process recipes.

2.8     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.9     "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY" and "AEO" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.  Information may also be designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if the Designating Party believes in good faith that the information is significantly sensitive, including without limitation trade secrets or other confidential research, development, or commercial information; financial, commercial, product planning, and marketing

information; business and goodwill valuations and analyses; industry analyses; customer information; or other information protected by any right to privacy guaranteed by the laws of the United States or California, such that disclosure to another Party or non-Party would create a significant risk of material injury.  This designation does not include information that was publicly known prior to disclosure, or that, after disclosure, becomes publicly known as a result of publication by one having right to do so.

2.10    "HIGHLY CONFIDENTIAL – ESI FOR INSPECTION" Information or Items: extremely sensitive "Confidential Information or Items" representing ESI and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.11    House Counsel: attorneys who are employees of a Party to this action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.12    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.13    Outside Counsel of Record: attorneys (and their support staff) who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are substantially involved in the litigation and affiliated with a law firm which has appeared on behalf of that Party.

2.14    Party: any Party to this action, including all of its officers, directors, employees, consultants, retained experts and Outside Counsel of Record (and their support staffs).

2.15    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.16    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.17    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or as "HIGHLY CONFIDENTIAL – ESI FOR INSPECTION."

2.18    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.19    Source Code: human-readable programming language text that defines software, firmware, or electronic hardware descriptions (hereinafter referred to as "Source Code"). Text files containing Source Code shall hereinafter be referred to as "Source Code Files."  Source Code Files include, but are not limited to, files containing Source Code in "C," "C++," assembler, VHDL, Verilog, and digital sensor processor (DSP) programming languages.  Source code files further include ".include files," "make" files, "link" files, and other human-readable text files used in the generation and/or building of software directly executed on a microprocessor, micro-controller, or DSP.

**3.    SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.      **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action including the time limits for filing any motions or applications for extension of time pursuant to applicable law.  **For a period of six months after final disposition of this litigation, this court will retain jurisdiction to enforce the terms of this order.**

5.      **DESIGNATING PROTECTED MATERIAL**

5.1      Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other Parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that the information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2      Manner and Timing of Designations. Except as otherwise provided in this Stipulated Protected Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this

Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Stipulated Protective Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – ESI FOR INSPECTION" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ESI FOR INSPECTION." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – ESI FOR INSPECTION") to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may

invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 30 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Stipulated Protective Order.   Alternatively, a Designating Party may specify, at the deposition or up to 30 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other Parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – ESI FOR INSPECTION."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day **30** period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

A Designating Party shall have the right to exclude from attendance during any part of a deposition any person other than those persons identified in Section 7.2 or 7.3 upon an objection that the Protected Information and/or Materials subject to testimony is "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – ESI FOR INSPECTION,"  if it is reasonably expected that the testimony during that part of the deposition will disclose such information and/or materials.

(c)      for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – ESI FOR INSPECTION." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3      <u>Inadvertent Failures to Designate.</u>   If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order, and it must use its best efforts to retrieve any Protected Material from any person not eligible to receive Protected Material under this Stipulated Protected Order.

If a Receiving Party receives materials that have not been designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," OR "HIGHLY CONFIDENTIAL – ESI FOR INSPECTION," but that the Receiving Party has reason to believe are subject to such a designation, then the Receiving Party shall notify the Producing Party of its receipt of such materials and inquire as to its proper designation under this Order.  If any person required to produce documents inadvertently produces any Protected Material without marking it with an appropriate legend, then the Producing Party may give written notice to the Receiving Party, including appropriately stamped copies of the Protected Material, that the document, thing, or response is deemed Protected Material and should be treated as such in accordance with the provisions of this Stipulated Protective Order.

## 6.      **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1      <u>Timing of Challenges.</u> Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens,

1   or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a

2   confidentiality designation by electing not to mount a challenge promptly after the original

3   designation is disclosed.

4          6.2     Meet and Confer.  A Party that elects to initiate a challenge to a Designating

5   Party's confidentiality designation must do so in good faith and must begin the process by serving a

6   written notice of objection, which shall identify the specific Protected Materials that the designation

7   is being challenged and state a basis for each challenge ("Notice of Objection").  To avoid ambiguity

8   as to whether a challenge has been made, the written notice must recite that the challenge to

9   confidentiality is being made in accordance with this specific paragraph of this Stipulated Protective

10  Order.

11         The Parties shall attempt to resolve each challenge in good faith and must begin the

12  process by conferring directly (in voice to voice dialogue; other forms of communication are not

13  sufficient) within 14 days of the date of service of notice.    In conferring, the Challenging Party must

14  explain the basis for its belief that the confidentiality designation was not proper and must give the

15  Designating Party an opportunity to review the designated material, to reconsider the circumstances,

16  and, if no change in designation is offered, to explain the basis for the chosen designation. A

17  Challenging Party may proceed to the next stage of the challenge process only if it has engaged in

18  this meet and confer process first or establishes that the Designating Party is unwilling to participate

19  in the meet and confer process in a timely manner.

20         6.3     Judicial Intervention.  If the Parties cannot resolve a challenge without court
    **they shall comply with the undersigned's Standing Order re Civil Discovery**
21  intervention, ~~the Designating Party shall file and serve a motion to retain confidentiality under Civil~~
    **Disputes**
22  ~~Local Rule 7 (and in compliance with Civil Local Rule 79-5 and General Order 62, if applicable)~~

23  within 21 days of the initial notice of challenge or within 14 days of the Parties agreeing that the meet
                                                              **Discovery Dispute Joint Report (DDJR)**
24  and confer process will not resolve their dispute, whichever is earlier. Each ~~such motion~~ must ~~be~~
    **attest that**                                                              ^
25  ~~accompanied by a competent declaration affirming that the movant has complied with~~ the meet and
                                                              **have been satisfied.**
26  confer requirements imposed in the preceding paragraph. Failure by the Designating Party to ~~make~~
     **seek judicial intervention**                                ^
27  ~~such a motion including the required declaration~~ within 21 days (or 14 days, if applicable) shall

28  automatically waive the confidentiality designation for each challenged designation. In addition, the

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**seek judicial intervention with respect to**

Challenging Party may ~~file a motion challenging~~ a confidentiality designation at any time if there is

good cause for doing so, including a challenge to the designation of a deposition transcript or any

**DDJR**                                                      **attest that**

portions thereof. Any ~~motion~~ brought pursuant to this provision must ~~be accompanied by a competent~~

~~declaration affirming that the movant has complied with~~ the meet and confer requirements imposed

by the preceding paragraph **have been satisfied.**

^

       The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary

expenses and burdens on other Parties) may expose the Challenging Party to sanctions. Unless the

**seek judicial**

Designating Party has waived the confidentiality designation by failing to ~~file a motion to retain~~

**intervention**

~~confidentiality~~ as described above, all Parties shall continue to afford the material in question the

level of protection to which it is entitled under the Producing Party's designation until the court rules

on the challenge.

       **7.**       **<u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>**

       7.1     <u>Basic Principles.</u> A Receiving Party may use Protected Material that is

disclosed or produced by another Party or by a Non-Party in connection with this case only for

prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be

disclosed only to the categories of persons and under the conditions described in this Stipulated

Protective Order. When the litigation has been terminated, a Receiving Party must comply with the

provisions of Section 14 below (FINAL DISPOSITION).

       Protected Material must be stored and maintained by a Receiving Party at a location

and in a secure manner that ensures that access is limited to the persons authorized under this

Stipulated Protective Order.

       7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise

ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may

disclose any information or item designated "CONFIDENTIAL" only to:

       (a)     the Receiving Party's Outside Counsel of Record in this action, as well as

employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

information for this litigation;

(b)     no more than one non-attorney officer, director, or employee of per side (1) to whom disclosure is reasonably necessary for this litigation (2) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (3) to whom the procedures set forth in Sections 7.4 below have been followed;

(c)     no more than one House Counsel per side (1) to whom disclosure is reasonably necessary for this litigation (2) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (3) to whom the procedures set forth in Sections 7.4 below have been followed;

(d)     Experts (as defined in this Stipulated Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)     the Court and its personnel;

(f)     Court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.   Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the Court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and,

(h)     persons who appear on the face of Protected Materials as an author, addressee, recipient, or source thereof, or a custodian or other person who otherwise possessed or knew the information.

7.3     <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – ESI FOR INSPECTION" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ESI FOR INSPECTION" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)     Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5, below, have been followed;

(c)     the Court and its personnel;

(d)     Court reporters and their staff, professional jury or trial consultants and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and,

(f)     persons who appear on the face of Protected Materials as an author, addressee, recipient, or source thereof, or a custodian or other person who otherwise possessed or knew the information, so long as the materials remain in the possession, custody, or control of Outside Counsel of Record or the Party who produced and designated the Protected Material when reviewing them, with no copies or notes being made.

7.4     Procedures for Approving or Objecting to Disclosure of "CONFIDENTIAL" Information or Items to House Counsel and Officers and Employees of a Receiving Party:

(a)     Unless otherwise ordered by the Court or agreed in writing by the Parties, each side may each identify no more than one officer or employee and no more than one House Counsel to whom the Party will be disclosing information or items that have been designated "CONFIDENTIAL" by sending written notice (by fax and email) to Outside Counsel of Record of every other Party that sets forth: (1) the identity of such House Counsel, officer, or employee (including full name, title, professional address, professional affiliations, and all other present employment and/or consultancies); and (2) a certification by the Party that disclosure is reasonably necessary for this litigation and that each identified House Counsel, officer, or employee has signed the "Agreement to Be Bound by Protective Order" (Exhibit A).

(b)     A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the information or items that have been designated as

"CONFIDENTIAL" to the identified Designated House Counsel, officer, or employee unless, within seven days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c)     A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the ~~Party seeking to make the~~ **parties shall comply with the undersigned's Standing Order re Civil Discovery Disputes.** ~~disclosure to Designated House Counsel, officer, or employee may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5 and General Order 62, if applicable) seeking permission from the court to do so~~. Any ~~such motion~~ **DDJR** must describe the circumstances with specificity, set forth in detail the reasons why disclosure to Designated House Counsel, officer, or employee is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such ~~motion~~ **DDJR** must ~~be accompanied by a competent declaration~~ **describe** ~~describing~~ the Parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and set~~ting~~ forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to Designated House Counsel, officer, or employee shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel, officer, or employee.

7.5     Procedures for Approving or Objecting to Disclosure of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – ESI FOR INSPECTION" Information or Items to Experts.

(a)     Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Stipulated Protective Order) any information or item that has been designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – ESI FOR INSPECTION" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary

residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the Expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[1] and (5) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years. Experts may be prohibited from undertaking certain limited work prior to the termination of the litigation that could foreseeably result in an improper use of the Designating Party's "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – ESI FOR INSPECTION" information.

(b)     A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within seven days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c)     A Party that receives a timely written objection must meet and confer with the Designating Party to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, **the parties shall comploy with the undersigned's Standing Order re Civil Discovery Disputes.** ~~the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5 and General Order 62, if applicable) seeking permission from the court to do so.~~ Any ~~such motion~~ **DDJR** must describe the circumstances with specificity, set forth in detail the reasons why disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such ~~motion~~ **DDJR** must **be describe** ~~accompanied by a competent declaration describing~~ the Parties' efforts to resolve the matter by

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

**8.   ESI FOR INSPECTION**

8.1.   Disclosure and Review of ESI for Inspection: ESI for Inspection shall be governed by this Stipulated Protective Order, Local Rule 26.2, and subject to the provisions in Paragraph 8.2 below.  Nothing in this Stipulated Protective Order shall be interpreted to require the disclosure of ESI for Inspection that a Party contends is protected from disclosure by the attorney-client privilege, work-product doctrine or any other applicable privilege or protection.

8.2   ESI for Inspection shall be produced and/or made available for inspection as set forth below:

(a)   The Producing Party shall make ESI for Inspection available at the offices of Hynix Semiconductor America Inc., 3101 North 1st Street, San Jose, California.

(b)   ESI for Inspection will be made available during regular business hours (9:00 a.m. to 5:00 p.m. local time, Monday through Friday, excluding federal holidays).

(c)   Receiving Party will provide Producing Party with the date and time on which inspection will commence at least seven business days before the time the Receiving Party intends to conduct the inspection.  The identity of the individuals who will conduct (or otherwise attend) the inspection must also be disclosed.

(d)   Inspection by a Receiving Party may be subject to additional reasonable security measures by the Producing Party (e.g., the Producing Party may require presentation of photo identification by representatives of the Receiving Party prior to inspection).

(e)   All ESI for Inspection shall be made available by the Producing Party to the Receiving Party's Outside Counsel of Record and/or Experts in a private room on a secured computer, in a manner as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any ESI for Inspection outside or away from the

computer on which the ESI for Inspection is provided for inspection (the "Secured Computer").  The Producing Party shall install tools that are sufficient for viewing and searching the ESI for Inspection, on the platform produced.   The Receiving Party's Outside Counsel of Record and/or Experts may request that other commercially available software tools for viewing and searching the ESI for Inspection be installed on the Secured Computer, provided, however, that such other software tools are reasonably necessary for the Receiving Party to perform its review of the ESI for Inspection.  The Receiving Party must provide the Producing Party with the CD or DVD containing such licensed software tool(s) at least seven days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Secured Computer.

(f)     The Receiving Party's Outside Counsel of Record and/or Experts shall be entitled to take notes relating to the ESI for Inspection.  The notes shall be subject to the restrictions of this Stipulated Protective Order and maintained in a secure location at the location of Outside Counsel of Record and/or Experts.  Only those persons permitted to have access to ESI for Inspection may have access to such notes.  No copies may be made of such notes, except that notes taken on a computer in electronic form may be backed up for preservation purposes and a single copy of any handwritten notes may be made for preservation purposes.  Each backup copy shall likewise be subject to the restrictions of this Stipulated Protective Order and maintained in a secure location at the location of Outside Counsel of Record and/or Experts.  No copies of all or any portion of the ESI for Inspection may leave the room in which the ESI for Inspection is inspected except as otherwise expressly provided herein.  The Receiving Party will not copy, remove, or otherwise transfer any ESI for Inspection from the Secured Computer including, without limitation, copying, removing, or transferring the ESI for Inspection onto any other computer or peripheral equipment.  The Receiving Party will not transmit any portion of the ESI for Inspection in any way from the Producing Party's facilities.  Further, no other written or electronic record of the ESI for Inspection is permitted except as otherwise expressly provided herein.

(g)     The Receiving Party shall maintain a log sheet of portions of the ESI for Inspection to be printed.  The Receiving Party may request printouts of portions of the ESI for Inspection only when reasonably necessary to facilitate the Receiving Party's preparation of the case,

including when reasonably necessary to prepare any filing with the Court or to serve any pleadings or other papers on any other Party; to prepare internal work product materials; to prepare trial or deposition exhibits; or to prepare other necessary case materials such as testifying expert reports, consulting expert written analyses, and related drafts and correspondences.  The Receiving Party shall request to print only such portions as are reasonably necessary.  The Producing Party shall Bates number, label "HIGHLY CONFIDENTIAL – ESI FOR INSPECTION", and print the portions requested by the Receiving Party, and produce the resulting files to the Receiving Party in a manner that preserves sufficient image quality to provide for magnification of portions of the image while still retaining the viewability of schematic traces and component designators, within a reasonable time.  If the Producing Party objects that the requested printed portions are not reasonably necessary to any case preparation activity, the Producing Party shall make such objection known to the Receiving Party within seven business days.  If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Producing Party shall be entitled to seek a

**(in compliance with the undersigned's Standing Order re Civil Discovery Disputes)**

Court resolution ∧ of whether the requested portions in question are reasonably necessary to any case preparation activity.  In the absence of any objection, or upon resolution of any such dispute by the Court in favor of the Receiving Party, the Producing Party shall provide the Bates numbered and labeled pages requested by the Receiving Party within three business days.  The printed pages shall constitute part of the ESI for Inspection produced by the Producing Party in this action.

(h)     Unless otherwise agreed in advance by the Parties in writing, following each day on which inspection is done under this Stipulated Protective Order, the Receiving Party's Outside Counsel of Record and/or Experts shall remove all notes, documents, and all other materials from the room that may contain work product and/or attorney-client privileged information.  The Producing Party shall not be responsible for any items left in the room following each inspection session.

(i)     The Receiving Party's Outside Counsel of Record may make no more than three additional copies of any portions of the ESI for Inspection received from a Producing Party pursuant to Paragraph 8.2(g), not including copies attached to court filings or used at depositions, and shall maintain a log of all such copies of ESI for Inspection.  The log shall include the number of

copies, as well as the names of the recipients of such copies and the business address at which such copies are securely maintained pursuant to Paragraph 8.2(l).

(j)     The Receiving Party may include excerpts of the ESI for Inspection in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any draft of these documents.  The Receiving Party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the ESI for Inspection is used.  Any document containing ESI for Inspection shall be conspicuously marked and subject to the restrictions of this Stipulated Protective Order.

(k)     Only individuals authorized under this Stipulated Protected Order shall be allowed to access "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – ESI FOR INSPECTION."  Under no condition may any person disclose, in whole or in part, copies of, or the substance of, any portion of the ESI for Inspection of the Producing Party to any unauthorized person, including any officers, directors, in-house counsel, former employees, employees, or non-litigation consultants of the Receiving Party.

(l)     The Receiving Party's Outside Counsel of Record and any person receiving a copy of any portion of the ESI for Inspection shall maintain and store any paper or electronic copies of any portion of the ESI for Inspection in a manner that prevents duplication of or unauthorized access to the ESI for Inspection, including, for example, and without limitation, storing the ESI for Inspection in a locked room or cabinet or on a password-protected computer at all times when it is not in use.

(m)     All paper copies of the ESI for Inspection shall be securely destroyed in a timely manner if they are no longer in use.

**9.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – ESI FOR INSPECTION" that Party must:

(a)      promptly notify in writing the Designating Party, in writing (by email or fax), and in no event more than five days after receiving the subpoena or court order.  Such notification shall include a copy of the subpoena or court order;

(b)      promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and,

(c)      cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – ESI FOR INSPECTION" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 10.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)      The terms of this Stipulated Protective Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – ESI."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Stipulated Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)      In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)      promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)      promptly provide the Non-Party with a copy of this Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and,

(3)      make the information requested available for inspection by the Non-Party.

(c)      If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.  **All disclosure or discovery disputes are subject to the undersigned's Standing Order re Civil Discovery Disputes.**

11.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12.    **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

**inadvertent or unintentional**

The production of any documents, information, or other materials shall not constitute a waiver of the attorney-client privilege, attorney work product doctrine, or any other legal privilege or immunity if, as soon as reasonably possible after the Producing Party becomes aware of its inadvertent or unintentional disclosure of privileged materials, the Producing Party designates such materials as within the attorney-client privilege, work product immunity, or other legal privilege or

immunity and requests return of those materials to the Producing Party.  Upon request by the Producing Party, the Receiving Party shall immediately sequester and return all copies of such inadvertently produced materials, shall destroy all notes or other work product reflecting the contents of such materials, and shall delete such materials from any litigation-support or other database.

If a Receiving Party receives any document or information from another Party or Non-Party that it reasonably believes is subject to the attorney-client privilege or attorney work product doctrine, then the Receiving Party shall promptly notify the Producing Party of the potential inadvertent disclosure.  Upon request by the Producing Party, the Receiving Party shall immediately return all copies of such inadvertently produced materials and shall destroy all notes or other work product reflecting the contents of such materials, and shall delete such materials from any litigation-support or other database.

Nothing herein shall prevent the Receiving Party from retaining a sequestered copy of the disputed materials to challenge the proprietary of the attorney-client privilege or work product immunity designation in compliance with Federal Rule of Civil Procedure 26(b)(5)(B) and the Local Rules of this Court.  Pending the resolution of such a challenge, the Receiving Party may not use the disputed materials or the information contained therein in any manner ~~more~~ that is not otherwise allowed by Federal Rule of Civil Procedure 26(b)(5)(B).

### 13.   MISCELLANEOUS

13.1   <u>Right to Further Relief.</u>  Nothing in this Stipulated Protected Order abridges the right of any person to seek its modification by the Court in the future.

13.2   <u>Right to Assert Other Objections.</u> By stipulating to the entry of this Stipulated Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

13.3   <u>Use of Protected Materials by Designating Party.</u>  Nothing in this Stipulated Protective Order shall limit any Designating Party's use of its own documents and information, nor shall it prevent the Designating Party from disclosing its own confidential information or documents

to any person.  Such disclosure shall not affect any designations made pursuant to the terms of this Stipulated Protective Order, so long as the disclosure of confidential information or documents is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

13.4    Client Communication.    Nothing in this Stipulated Protective Order shall prevent or otherwise restrict Counsel from rendering advice to their clients and, in the course of rendering such advice, relying upon the examination of Protected Material.  In rendering such advice and otherwise communicating with the client, however, Counsel shall not make specific disclosure of any Protected Materials, except as permitted by this Stipulated Protective Order.

13.5    Admissibility.    Unless all Parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Stipulated Protective Order shall not be admissible for any purpose during any proceeding on the merits of this action.  Additionally, nothing contained herein shall be construed as a waiver of any objection which might be raised as to the admissibility of any evidentiary material at trial or any other evidentiary proceeding.

13.6    Modification; Addition of Parties to This Stipulated Protective Order.

(a)    All Parties reserve the right to seek modification of this Stipulated Protective Order at any time for good cause.  The Parties agree to meet and confer prior to seeking to modify this Stipulated Protective Order for any reason.  The restrictions imposed by this Stipulated Protective Order may only be modified or terminated by written stipulation of all Parties or by order of this Court.

(b)    In the event that a new Party is added, substituted, or brought in, this Stipulated Protective Order will be binding on and inure to the benefit of the new Party, subject to the right of the new Party to seek relief from or modification of this Stipulated Protective Order.

13.7    Protection of Nonparties.    A Non-Party producing information or material voluntarily or pursuant to a subpoena or a Court Order may designate material or information with the appropriate designation pursuant to the terms of this Stipulated Protective Order, and such Non-Party shall be entitled to all rights and protections afforded to a Designating Party as defined in this Stipulated Protective Order upon executing a written agreement (Exhibit A) to be bound hereto.  However, a Non-Party's use of this Stipulated Protective Order and/or the execution of such an

agreement to be bound to protect its Protected Material does not entitle that Non-Party access to Protected Material produced by any other Party or Non-Party.

       13.8    <u>No Contract</u>.  This Stipulated Protective Order shall not be construed to create a contract between the Parties or between the Parties and their respective Counsel

       13.9    <u>Federal Rules of Civil Procedure</u>.  Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules of this Court, and this Court's Standing Orders.

       13.10    <u>Limitations on Expert Discovery</u>.  An Expert's draft reports, notes, outlines, and any other writings leading to his or her report(s) in this litigation are exempt from discovery.  In addition, all communications with, and all materials generated by, an Expert with respect to his or her work, are exempt from discovery unless relied upon by the Expert in forming his or her opinions.

       13.11    <u>Filing Protected Material</u>.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and General Order 62.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5 and General Order 62, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) and General Order 62 is denied by the Court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e) and General Order 62 unless otherwise instructed by the Court.

**14.**    **FINAL DISPOSITION**

    Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the

1   Protected Material is returned or destroyed, the Receiving Party must submit a written certification to

2   the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day

3   deadline that (1) identifies (by category, where appropriate) all the Protected Material that was

4   returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts,

5   compilations, summaries or any other format reproducing or capturing any of the Protected Material.

6   Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings,

7   motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence,

8   deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work

9   product, even if such materials contain Protected Material. Any such archival copies that contain or

10  constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section

11  4 (DURATION).

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

2

3

4    Dated: February 20, 2012                              K&L GATES LLP

5                                                  By:  /s/ Harold H. Davis, Jr.

6                                                        Harold H. Davis, Jr. (SBN 235552)

7                                                        Attorneys for Defendants
                                                         HYNIX SEMICONDUCTOR AMERICA,
8                                                        INC.; HYNIX SEMICONDUCTOR, INC.

9    Dated:  February 20, 2012                            FEINBERG DAY ALBERTI & THOMPSON LLP

10

11                                                 By:  /s/ Marc Belloli

12                                                       Marc Belloli (SBN 252761)

13                                                       Attorneys for Plaintiff
                                                         TALON RESEARCH, LLC

14

15

16                                     **ATTESTATION**

17        I, Harold H. Davis, am the ECF User whose ID and password are being used to file this

18   Stipulated Protective Order.  In compliance with General Order 45, X.B., I hereby attest that Counsel

19   for Plaintiff Talon Research, LLC has concurred in this filing.

20

21   Dated:  February 20, 2012                            /s/ Harold H. Davis, Jr.

22

23

24

25

26

27

28

**AS MODIFIED BY THE COURT,**
**PURSUANT TO STIPULATION, IT IS SO ORDERED.**
                                    ^

Dated:   March 16, 2012

                              By:   _____
                                    Hon. ~~Edward J. Davila~~   Howard R. Lloyd
                                    United States ~~District Court~~ Judge
                                                   Magistrate

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____, declare under the penalty of perjury that:

1.    I currently reside at _____.

2.    I am employed as _____ by

_____.

3.    I have read in its entirety and understand the Protective Order that was issued in the case of  Talon Research, LLC v. Hynix Semiconductor America, Inc. et al.; USDC, Northern District of California, Case No. 5:11-cv-05058 EJD.

4.    I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

5.    I solemnly promise that I will not review, discuss, use or disclose any materials designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – ESI FOR INSPECTION" in any manner to any person or entity except in strict compliance with the provisions of this Protective Order and will use such materials only for the purpose of this Action.

6.    I understand and agree that all Protected Material and copies thereof, as well as work product generated there from must be stored and maintained in a secure manner that ensures that access is limited to the persons authorized under this Order and that I will not remove, store, transmit, transfer, disseminate or send such materials to any person or location outside of the Continental United States.

7.    I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction and venue of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

8.    I understand and agree that any disclosure or use of material designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY,"  or "HIGHLY

CONFIDENTIAL – ESI FOR INSPECTION" in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court and other sanctions.

9.     I understand and agree that within 10 business days after a request by Outside Counsel of Record for the Party for which I have provided services, the termination of my consultancy or the termination of this action, which ever occurs first, I must return and/or destroy all Designated Material in my possession, custody or control to Outside Counsel of Record for the Party for which I have provided services.  I further understand and agree that I shall certify my compliance with this requirement and shall deliver such certification to Outside Counsel of Record for the Party that I have provided services for no more than 10 business days after complying with the aforementioned obligation.

I declare under the penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed this __ day of _____, _____ in _____, _____ U.S.A.:

By:     _____