IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TALON RESEARCH, LLC,

       Plaintiff,

   v.

HYNIX SEMICONDUCTOR AMERICA INC.;
HYNIX SEMICONDUCTOR INC.,

       Defendants.

_____/

No. C 11-05058 CW

ORDER DENYING
DEFENDANTS' MOTION
TO DISMISS

    Pursuant to Federal Rule of Civil Procedure 12(b)(6),
Defendants Hynix Semiconductor America Inc. and Hynix
Semiconductor Inc. move to dismiss Plaintiff Talon Research, LLC's
indirect infringement claims.[1]  Having considered the parties'
submissions, the Court DENIES the motion to dismiss.

LEGAL STANDARD

    A complaint must contain a "short and plain statement of the
claim showing that the pleader is entitled to relief."  Fed. R.
Civ. P. 8(a).  On a motion under Rule 12(b)(6) for failure to
state a claim, dismissal is appropriate only when the complaint
does not give the defendant fair notice of a legally cognizable
claim and the grounds on which it rests.  Bell Atl. Corp. v.
Twombly, 550 U.S. 544, 555 (2007).

_____

    [1] The two theories of liability for indirect infringement
claims are: (1) induced infringement under 35 U.S.C. § 271(b) and
(2) contributory infringement under 35 U.S.C. § 271(c).  Halton
Co. v. Streivor, Inc., 2010 WL 2077203 (N.D. Cal.).

**United States District Court**
For the Northern District of California

DISCUSSION

Induced infringement claims require a showing of (1) direct infringement; and (2) the alleged infringer's knowledge of and intent to induce infringement.  ACCO Brands, Inc. v. ABA Locks Mfrs. Co., Ltd., 501 F.3d 1307, 1312 (Fed. Cir. 2007). Contributory infringement claims require a showing of (1) direct infringement; 2) the alleged infringer's knowledge of the patent; and 3) a component with no substantial noninfringing uses that is a material part of the invention.  Proofpoint, Inc. v. InNova Patent Licensing, LLC, 2011 WL 4915847, at *5 n.4 (N.D. Cal.).

Talon sufficiently alleges induced infringement claims by pleading (1) direct infringement by Defendants' customers; and (2) Defendants' knowledge of and intent to induce infringement, as inferred from the infringement notices Talon sent to Defendants. Talon sufficiently alleges contributory infringement claims by pleading (1) direct infringement by Defendants' customers; (2) Defendants' knowledge of Talon's patents, inferred from the infringement notices; and (3) that Defendants' E2NAND memory products and eMMC compliant controllers are the subject products of Talon's claims.

CONCLUSION

For the foregoing reasons, the motion to dismiss is DENIED.

IT IS SO ORDERED.

Dated: 4/9/2012

CLAUDIA WILKEN
United States District Judge

2